Rivera de Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso, la parte querellada, aquí recurrente, Popular Leasing & Rental, Inc., solicita la revisión de una resolución emitida por el Departamento de Asuntos del Consumidor, en adelante D.A.C.O., el 21 de febrero de 1995, relevando a Manuel Blanco Gómez, querellante, aquí recurrido, de una deuda con la querellada-recurrente, producto de un contrato de arrendamiento financiero.
Oportunamente el querellado-recurrente, solicitó reconsideración, la cual se consideró denegada de plano, por no haber actuado la agencia sobre la misma.
El recurso de revisión fue presentado el 27 de abril de 1995 en el Tribunal de Primera Instancia, foro que paralizó su consideración hasta que nuestro Tribunal Supremo resolviera varios casos en los cuales estaba planteada la misma controversia. Luego, fue referido a este Tribunal el 19 de junio de 1996, para dar cumplimiento a las disposiciones del artículo 9.004 de la Ley Núm. 248 de 25 de diciembre de 1995.
A continuación expondremos una breve relación de los hechos, según surgen del expediente, lo cual podrá facilitar una mayor comprensión de la controversia planteada.
I
El 7 de diciembre de 1990, el querellante, aquí recurrido, Manuel Blanco Gómez, suscribió un contrato de arrendamiento financiero con la querellada-recurrente, Popular Leasing & Rental, Inc., en relación con un vehículo de Motor marca Peugeot del año 1991, modelo 4055, tablilla BEG-417. El término del contrato era de sesenta (60) meses, comprometiéndose a pagar el arrendatario, Manuel Blanco, la cantidad de trescientos treinta y tres ($333) dólares mensuales al arrendador, Popular Leasing, por la posesión, uso y disfrute del vehículo durante dicho término. El arrendatario pagó una suma inicial (pronto) de cinco mil ($5,000) dólares. '
El 19 de agosto de 1993, el señor Blanco Gómez entregó voluntariamente el vehículo a Popular Leasing. El 14 de octubre de 1993, esta última parte vendió el referido vehículo en pública subasta por la suma de nueve mil novecientos noventa y cinco ($9,995) dólares, y requirió al arrendatario, mediante carta de fecha 25 de octubre de 1993, el pago de cuatro mil seiscientos ochenta y un dólares con ochenta y un centavos ($4,681.81) que representaba el balance del contrato, luego de acreditarle el producto de la venta. El balance de liquidación era de catorce mil seiscientos setenta y seis dólares con ochenta y un centavos ($14,676.81).
Inconforme, el señor Blanco Gómez se negó a pagar la diferencia de cuatro mil seiscientos ochenta *886 y un dólares con ochenta y un centavos ($4,681.81), por lo cual recurrió ante el D.A.C.O. el 15 de noviembre de 1993. Alegó, entre otras cosas, que habiendo el querellado aceptado la entrega del vehículo, no debía cobrar el balance de la deuda. Dicha agencia administrativa celebró vista el 14 de febrero de 1995 y luego de aquilatar la prueba desfilada determinó el 21 de febrero de 1995, que en los casos de arrendamiento financiero en que el arrendador reposee el bien, está impedido de instar una acción en cobro de dinero. Ordenó a Popular Leasing relevar al querellante, Manuel Blanco Gómez, de la deuda por concepto del balance en la venta del vehículo objeto de la controversia, así como, cesar y corregir cualquier gestión que hubiere realizado en cualquier institución de crédito contra el querellante. Apercibió a la parte querellada que, de no cumplir con lo ordenado, se le impondría una multa administrativa de diez mil ($10,000) dólares.
No estándo de acuerdo con dicha resolución, el recurrente plantea el siguiente error:

"Erró el D.A.C.O. al aplicar las disposiciones de la Ley Número 61 de 1916, según enmendada, conocida como Ley de Ventas Condicionales, 10 L.P.R.A. sec. 31 et. seq., a un contrato de arrendamiento financiero vehicular, equiparando el mismo a un contrato de venta condicional."

Mantuvimos la decisión del foro de instancia de dejar el recurso paralizado hasta que el Honorable Tribunal Supremo resolviese los casos análogos. Habiendo emitido ya una decisión dicho foro, estamos en condiciones de resolver conforme a la norma jurisprudencial.
II
El Tribunal Supremo en el caso de Class Downing v. Velco, _ D.P.R. _ (1997), 97 J.T.S. 70, opinión del 20 de mayo de 1997, resolvió que el contrato de arrendamiento financiero (leasing) no es equiparable al de venta condicional. Dispuso que no son aplicables al contrato de arrendamiento financiero los artículos 101 (6) de la ley de Ventas a Plazos y Compañías de Financiamiento, según enmendada y el número 6, sub-inciso (a) de la Ley de Ventas Condicionales. Determinó, que cuando el acreedor ha aceptado la entrega voluntaria del bien inmueble objeto del contrato de arrendamiento financiero, no queda impedido de instar posteriormente una reclamación en cobro de dinero contra el deudor, si queda algún balance pendiente de pago sobre el total de los cánones de arrendamiento pactados.
No obstante, conforme el citado caso, aunque la cantidad reclamada por la recurrente pretende la recuperación de su inversión, no procede la reclamación al recurrido de la suma por concepto del pago por adelantado del total de los cargos por servicios incluidos en el canon mensual de arrendamiento. Debe ser así, ya que los cargos por servicio o los gastos de administración se refieren básicamente a gastos de estudios, documentación, informes y otros relacionados con el manejo de la cuenta del contrato de arrendamiento financiero. Al terminar dicho contrato y finalizar sus efectos jurídicos, necesariamente ello trajo como resultado la eliminación de los cargos por servicios de administración. A partir de la entrega voluntaria del vehículo de motor y su correspondiente aceptación, el arrendador no incurrió en gastos adicionales de administración o manejo de cuentas. Evidentemente, los arrendatarios no venían obligados a satisfacer una suma por dicho concepto, no habiendo sido prestados estos servicios por los arrendadores financieros.
III
Por los fundamentos anteriormente expresados, revocamos la resolución recurrida y ordenamos que se devuelva el caso a la agencia administrativa para que determine qué cantidad corresponde a gastos de administración y cargos por servicios y se deduzca tal suma del total a ser pagado por los arrendatarios, aquí recurridos.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 46
1. Las principales diferencias entre el contrato de arrendamiento financiero (leasing) y las obligaciones de ventas a plazos son las siguientes: (1) en las ventas a plazos se adquiere un derecho de propiedad en potencia durante la vigencia del *887 contrato, (2) en el leasing el pago inicial es mínimo y en ocasiones inexistente, mientras que en las ventas a plazos suele representar un porcentaje significativo, y (3) en las ventas a plazos existe una transmisión definitiva de la propiedad al expirar el contrato; sin embargo, en el leasing se presentan toda una serie de alternativas: adquirir el bien por un precio previamente establecido; devolver el bien; prorrogar el alquiler (o sea, renovarlo).
2.10 L.P.R.A. see. 731 (6).
3. Id., sec. 36(a).